MOORE, Judge.
 

 Mark Allbritton and Kristie Allbritton (“the Allbrittons”) appeal from a judgment declaring that “Allbritton Lane” is not a public road, denying their request for a restraining order and/or an injunction, and denying their claims that they held an easement by prescription or by necessity across property owned by Robert Daw-kins, Jr. We reverse the trial court’s judgment and remand the case to allow the joinder of indispensable parties.
 

 Procedural Background
 

 On January 23, 2008, Mark Allbritton and his wife, Kristie Allbritton, filed a “Petition for Temporary Restraining Order and/or Preliminary Injunction,” naming Robert Dawkins, Jr., as the defendant. The Allbrittons alleged that a dirt road, referred to as “Allbritton Lane,” runs across property owned by Dawkins and serves as the only means of ingress and egress to the property on which the All-brittons reside, that Allbritton Lane is a public road, and that Dawkins or his tenant had blocked the Allbrittons’ access to the property on which they reside by interfering with their passage over Allbrit-ton Lane. The Allbrittons also alleged that they had acquired an easement by prescription or by necessity across the property owned by Dawkins. The Allbrittons requested the issuance of a preliminary injunction and/or a temporary restraining order to prevent Dawkins from interfering with the Allbrittons’ use of Allbritton Lane.
 

 
 *243
 
 The Allbrittons and Dawkins reached an “Agreement on Issues Pendente Lite.” In that agreement, the parties agreed that whether Allbritton Lane was a public or private road was an issue central to the resolution of this action. The trial court adopted the parties’ agreement as to the issues presented in the case. Dawkins answered the complaint and counterclaimed, seeking damages for trespass to private property and seeking a judgment declaring the rights of the parties as to Allbritton Lane.
 

 On September 4, 2008, the trial court conducted a bench trial, at which it received ore tenus evidence. The trial court subsequently entered its judgment finding that Allbritton Lane was not a public road as defined by the laws of Alabama; that the Allbrittons’ use of Allbritton Lane had not been shown to be adverse to Dawkins and/or his predecessors in title for a period of 20 years and that, as a result, the Allbrittons were not entitled to an easement by prescription across Dawkins’s property; and that the Allbrittons had not established that they were entitled to an easement by necessity across Dawkins’s property. The trial court concluded that Dawkins was the sole owner of his property and ordered Dawkins to refrain from taking any action to block or obstruct the Allbrittons’ use of Allbritton Lane for 60 days after the issuance of the court’s judgment. The trial court further stated that, after the 60-day period, Dawkins was entitled to exercise full and complete dominion over his property. All remaining claims and counterclaims were dismissed with prejudice. The Allbrittons appealed to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
 

 Factual Background
 

 Although the trial court received extensive ore tenus evidence at the September 2008 bench trial, we need consider only limited facts. It was established at trial that neither Mark Allbritton nor Kristie Allbritton owned any legal interest in any of the property at issue. When they filed their petition and at trial, the Allbrittons were living on property owned by Mark’s mother. The Allbrittons, however, did not join Mark’s mother or any other persons as plaintiffs in the action.
 

 Additionally, other evidence established that, although Dawkins owns a portion of the property over which Allbritton Lane runs, he does not own the entire length of Allbritton Lane. Carl Allbritton, a third party who was not joined in this action, also owns a portion of the property over which Allbritton Lane runs. In traveling along Allbritton Lane in order to access the property owned by Mark’s mother, the Allbrittons must pass across Carl Allbrit-toris property; moreover, to access his property, Dawkins also must pass across Carl Allbritton’s property. However, Carl Allbritton was not made a party to the action; the Allbrittons named only Daw-kins as a defendant.
 

 Analysis
 

 The absence of an indispensable party is a jurisdictional defect that renders the proceeding void.
 
 See Gilbert v. Nicholson,
 
 845 So.2d 785, 790 (Ala.2002). Although no party to this appeal has raised the issue of indispensable parties, the absence of an indispensable party can be raised for the first time on appeal by the appellate court
 
 ex mero motu,
 
 even if the parties failed to present the issue to the trial court.
 
 Id.
 

 Our supreme court has stated:
 

 “Rule 19, Ala. R. Civ. P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final
 
 *244
 
 determination of litigation by including all parties directly interested in the controversy. Where the parties before the court adequately represent the absent parties’ interests and the absent parties could easily intervene should they fear inadequate representation, no reason exists why the trial court could not grant meaningful relief to the parties before the court. Also, joinder of absent parties is not absolutely necessary where determination of the controversy will not result in a loss to the absent parties’ interest or where the action does not seek a judgment against them. ...
 

 “[The supreme court] has also held, however, that in cases where the final judgment will affect ownership of an interest in real property, all parties claiming an interest in the real property must be joined.”
 

 Byrd Cos. v. Smith,
 
 591 So.2d 844, 846 (Ala.1991) (citations omitted).
 
 See also Johnston v. White-Spunner,
 
 342 So.2d 754 (Ala.1977) (when a trial court is asked to determine property rights of property owners not before the court, the absent property owners are indispensable parties and any judgment entered in the absence of those parties is void).
 

 In this case, the Allbrittons requested that the trial court determine whether All-britton Lane is a public or private road or, alternatively, to determine whether easements existed in favor of the property on which the Allbrittons live. Because any determination of those issues could impact the ownership interests in real property of Carl Allbritton, Mark’s mother, and any other person owning an interest in property over which Allbritton Lane runs, those absent property owners are indispensable parties to this action.
 
 Byrd Cos., supra;
 
 and
 
 Johnston, supra.
 
 The absence of the other affected property owners renders the trial court’s judgment on those issues void.
 

 Additionally, the county is an indispensable party to an action seeking to determine whether a road is public or private.
 
 Boles v. Autery,
 
 554 So.2d 959, 962 (Ala.1989).
 
 See also
 
 Ala.Code 1975, § 23-1-80 (“The county commissions of the several counties of this state have general superintendence of the public roads ... within their respective counties ....”).
 

 “The trial court’s determination of whether the road was public or was private might affect not only the rights of the individual litigants but also the rights of members of the public to use the road, the duty of the county to maintain it, and the liability of the county for failure to maintain in. If the county is not joined as a party, then neither it nor other members of the public are bound by the trial court’s ruling. Accordingly, if the county and other persons are not bound, then the status of the road as public or private is subject to being litigated again, and the results of later litigation may be inconsistent with the results of the initial litigation.”
 

 Boles,
 
 554 So.2d at 961. As recognized in
 
 Boles,
 
 the fact that a county employee is called to testify as a witness at trial — as occurred in this case — does not negate the requirement that the county be joined as a party to the action.
 
 Id.
 

 “The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.”
 
 J.C. Jacobs Banking Co. v. Campbell,
 
 406 So.2d 834, 850-51 (Ala.1981).
 
 See also Brewton v. Baker,
 
 989 So.2d 1137, 1140 (Ala.Civ.App.2008) (quoting and relying on
 
 J.C. Jacobs Banking Co., supra).
 
 We, therefore, reverse the judgment of the trial court, and we remand the case to allow joinder of all
 
 *245
 
 necessary and indispensable parties and for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.