DONALDSON, Judge.
William Earl King (“the former husband”) appeals from a judgment of the Cherokee Circuit Court (“the trial court”) awarding an easement to Elizabeth Ann King (“the former wife”). The purpose of the easement is to permit the former wife to access landlocked property she owns. To access her property, however, she must also cross lands that belong to nonparties to the proceedings. Those nonparties are indispensable to obtain the' relief she seeks. “The absence of an indispensable party is a‘ jurisdictional defect that renders the proceeding void.” Allbritton v. Dawkins, 19 So.3d 241, 243 (Ala.Civ.App.2009). A void judgment will not support an appeal, see Landry v. Landry, 91 So.3d 88, 90 (Ala.Civ.App.2012); therefore, we must dismiss the appeal.
The former wife and the former husband were married in 1987. During the marriage, the parties owned two parcels of real property: a 25-acre parcel (“the King tract”) and a 40-acre parcel (“the Back 40”) which are depictéd on the map, which is a part of the record, attached to this opinion as an appendix. Both parcels are roughly rectangular in shape and located within the southeast quarter of Section 18 in Cherokee County. ’ The relevant boundaries of the properties run along section lines; specifically, the northeast corner of the King tract touches the southwest corner of the ¡Back 40. Two other parcels of land also join at the point where the King tract and the Back 40 touch. The owners of those parcels are not parties to this action.
In 1988, while the parties were married, the former wife conveyed the King tract to the former husband. In 1990, again while the parties were married, the Back 40 was acquired in the former husband’s name. It is undisputed that the Back 40 is landlocked and has been since it was purchased by the parties. In 1993, the parties conveyed an acre of the King tract to Bunia Rooks, the former husband’s mother. Rooks built a house on that- acre and constructed a driveway from Cherokee County Road 6 on the western boundary of the King tract to the house. The house built on that acre was used as the martial residence of the parties during the marriage.
The parties divorced in 2012. Pursuant to a property settlement incorporated into the divorce judgment, the former wife was awarded the Back 40 and the former husband was awarded the King tract. The former wife executed a quitclaim deed conveying her interest in the King tract to the former husband. There was no mention of how the former wife would access the landlocked Back 40 in any of the documents related to the divorce proceedings.
On March 14, 2013, the former wife filed a complaint against the former husband seeking “an easement by necessity or implication over the lands of the [former *735 husband] and for such other, further or different relief to which the [former wife] may be entitled.” A trial was conducted. The former wife testified at the trial, and two documents were admitted: ■ an aerial photograph of the subject properties and a map from the Cherokee County tax assessor’s office depicting the layout of the King tract, .the Back 40, nearby public roads, and the driveway on the King tract. The former husband did not testify. . .
The record shows that the parties used the driveway constructed by Rooks and a few feet of land on the King tract beyond the driveway to access the Back 40 during the .duration of the marriage. It is undisputed that, in order to access the Back 40 using the driveway on the King tract, it is' still necessary to cross one or both of the properties to the northwest or to the southeast of the corner where all four of those properties. touch at a single point. On cross-examination, the former wife testified:
“[Counsel for the former husband] — Ms. King, as a physical matter, in order to access the Back 40 that you own along the route that you’re talking about—
“[The former wife] — Uh-huh. ■ •
“[Counsel for the' former husband] — It would be necessary for you to also cross lands that would belong to the property owner on the north or on the east of this property, would it not?'
“[The former wife] — A very small portion.
“[Counsel for the former husband] — I undérstand that." But it’s—
“[The former wife] — Yes. Just a corner.
“[Counsel for the former husband] — But it comes to a point?
“[The former wife] — It’s a corner, yes.
“[Counsel for the former husband] — But the 40 .corner that you own and the 25 acres that the house is on — it corners?
“[The former wife] — Uh-huh.
“[Counsel for the former husband] — And in order to get to that, you’ve got to go across the north guy or the east guy?
“[The former wife] — Uh-huh.
“[Counsel for the former husband] — You don’t have a deed from the north guy or the east guy?
“[The former wife] — No, I don’t.
“[Counsel for the.former husband] — And you don’t have an easement from either one of them?
“[The former wife] — No, I don’t.
“[Counsel for the former . husband]— You’ll have no writing from anyone else that would give you any access to this road as you’ve described it today — other than the road across [the former husband’s] property now?
“[The former wife] — That’s correct.”
Regarding the former husband’s assertion that the easement sought by the former wife would include land of nonparties, the following occurred:
“[Counsel for the former wife]: If there’s a dispute, .or if for some reason the way it’s been accessed for the last 23 years — if this neighbor comes over and puts up a gate, then,, you know, we would have a separate cause of action against that, person. That hasn’t happened. That’s always been the way to get to this [B]ack 40. So in the event that [the former husband] is correct and it doesn’t get us there and the people start blocking us off, we would have to .do a separate action. And that may be a condemnation action against the neighbors to the north and to the east,,..
“[Counsel for the former husband]: I think [counsel for the -former wife] has just conceded my point. I think they accessed it across a third party’s property. And we would agree with that. *736 That third party is not here in court today.”
On July 7, 2014, the trial court entered a judgment granting the former wife an easement by both, necessity and implication “over and upon the existing driveway from Cherokee County Road 6 on the western boundary of the King tract to the Back 40 for the purposes of ingress, egress, and utilities.” On July 13, 2014, the former wife filed a postjudgment motion requesting that the trial court set forth a more particular description of the easement. On July 21, 2014, the former husband filed a postjudgment motion arguing that the judgment was contrary to the law, was contrary to the facts, failed to define the easement, and was barred under the doctrine of res judicata.
Rooks died on April 11, 2014. On July 28, 2014, after the entry of the judgment, the estate of Rooks filed a notice of appearance in the proceedings claiming to be a party in interest and asserting that no notice of the former wife’s complaint for an easement in this matter had been served on the estate. On September 3, 2014, the trial court held a hearing on the parties’ postjudgment motions and also heard arguments from counsel for the estate of Rooks. No ruling was entered on any of the motions filed after the entry of the judgment. The postjudgment motions of the parties were denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Regarding the motion filed by Rooks’s estate, it is undisputed that Rooks devised her entire interest in the King tract to the former husband, and, therefore, he was the sole owner of the entire King tract at the time of the trial. See § 43-2-830(a), Ala. Code 1975 (“Upon the death of a person, decedent’s real property devolves to the persons to whom it is devised by decedent’s last will — ”). No issue has been raised on appeal regarding the purported interest of Rooks or her estate in the proceedings.
The former husband filed a timely notice of appeal and argues three issues: 1) whether the trial court erred in determining that the former wife was entitled to an easement by necessity or implication, 2) whether the trial court erred in finding that there was a unity of ownership between the subject properties, and 3) whether the trial court exceeded its discretion in granting relief in excess of the relief requested by the former wife.
We note first that the evidence presented by the former wife at trial established that the easement she sought and obtained in the judgment was not limited to land owned by the former husband but also affected lands owned by nonparties.
“The absence of an indispensable party is a jurisdictional defect that renders the proceeding void. See Gilbert v. Nicholson, 845 So.2d 785, 790 (Ala.2002). Although no party to this appeal has raised the issue of indispensable parties, the absence of an indispensable party can be raised for the first time on appeal by the appellate court ex mero motu, even if the parties failed to present the issue to the trial court. Id.
“Our supreme court has stated:
“ ‘Rule 19, Ala. R. Civ. P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy. Where the parties before the court adequately represent the absent parties’ interests and the absent parties could easily intervene should they fear inadequate representation, no reason exists why the trial court could not grant meaningful relief to the parties before the *737 court. Also, joinder of -absent parties is not absolutely necessary where determination of the controversy will not result in a loss to the absent parties’ interest or where the action does not seek a judgment against them....
“ ‘[The supreme court] has also held, however, that in cases where the final judgment will affect ownership of an interest in real property, all parties claiming an interest in the real property must be joined.’
“Byrd Cos. v. Smith, 591 So.2d 844, 846 (Ala.1991) (citations omitted). See also Johnston v. White-Spunner, 342 So.2d 754 (Ala.1977) (when a trial court is asked to determine property rights of property owners not before the court, the absent property owners are indispensable parties and any judgment entered in the absence of those parties is void).”
Allbritton v. Dawkins, 19 So.3d at 243-44.
The King tract and the Back 40 touch only at a corner. Two other properties not owned by the parties also touch at that same corner. The former wife did not contend at trial, nor does she contend on appeal, that the easement awarded in the judgment was intended to affect only land owned by the former husband, i.e., the King tract. It was noted during the arguments at the postjudgment hearing that the use of the driveway access route to the Back 40 would require the former wife to have access to lands not owned by the former husband. Indeed, it is undisputed that if the former wife sought an easement across only the lands of the former husband, she would not be able to access the Back 40 and therefore would not have been able to establish that any relief she obtained against the former husband would give her access to the landlocked tract. It is clear that the judgment implicates interests in real property of nonparties. Our supreme court has held:
“A right of way by necessity arises only when the complainant’s land is wholly or partly surrounded by the land from the common source and over which the way is claimed. Washburn on Easements, § 163; 23 Am. & Eng. Ency. of Law, 13; Trump v. McDonnell, [120 Ala. 200, 24 So. 353 (1898) ]. Complainant’s tract of land and the tract of the respondents, over which the wa[y] is sought, are not for practical purposes contiguous tracts. They corner. They touch only at a mathematical point; the intervening corners being owned by a third party. Under these conditions, any grant of a way would involve a servitude upon the lands of a stranger.”
Greenwood v. West, 171 Ala. 463, 466, 54 So. 694, 695 (1911). In this case, the record is clear that, even assuming that the former wife proved a former unity of ownership with the former husband of the Back 40 and the King tract and a reasonable necessity for an easement to reach the Back 40, the Back 40 and the King tract “corner [and].... touch only at a mathematical point; the intervening corners being owned by ... third parties].” Id. The former wife testified that, as in Greenwood, an easement granted across the King tract “would involve a servitude upon the lands of a stranger” to the action. Id. Because the Back 40 and the King tract are not “contiguous tracts,” any easement granted to the former wife across the King tract affects the interests of the owners of the properties to the northwest or to the southeast of the point at which the respective properties touch. “No way of necessity can be presumed or acquired over the land of a stranger.” Hamby v. Stepleton, 221 Ala. 536, 538, 130 So. 76, 77 (1930). “The absence of the other affected property owners renders the trial court’s judgment on those issues void.” Allbrit- *738 ton, 19 So.3d at 244. The relief sought by the former wife cannot be obtained without including as parties to the proceedings the other property owners whose interests would be affected by granting the relief sought. “[0]ur supreme court has stated that ⅛ cases where the final judgment will affect ownership of an interest in real property, all parties claiming an interest in the real property must be joined.’ Byrd Cos. v. Smith, 591 So.2d 844, 846 (Ala. 1991).” Brantley v. Scrushy, 57 So.3d 787, 793 (Ala.Civ.App.2010).
“The absence of an indispensable party may be raisec] by an appellate court ex mero motu. Gilbert v. Nicholson, 845 So.2d 785, 790 (Ala.2002); Allbritton [v. Dawkins ], 19 So.3d [241] at 244 [ (Ala.Civ.App.2009) ]. Furthermore, ‘ “[t]he absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.” ’ Withington v. Cloud, 522 So.2d 263, 265 (Ala.1988) (quoting J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 851 (Ala. 1981)).”
Wilson v. Berry, 36 So.3d 559, 561 (Ala. Civ.App.2009).,
Because the easement awarded by the trial court necessarily implicates interests in real property of nonparties, we conclude that the judgment from which the former husband appeals is void and does not support the present appeal. Accordingly, the appeal is dismissed, and we do not address the other issues raised by the former husband.
APPEAL DISMISSED.
THOMAS and MOORE, JJ., concur.
. THOMPSON, P.J., dissents, with writing, which PITTMAN, J., joins.