THOMPSON, Presiding Judge,
dissenting.
I agree that'the judgment was entered in the absence' of indispensable parties; however, instead of dismissing the appeal, I would reverse the trial court’s judgment and remand the cause for further proceedings.
The main • opinion cites Allbritton v. Dawkins, 19 So.3d 241 (Ala.Civ.App.2009), for the proposition that, because Elizabeth Ann King (“the wife”) must cross a third party’s property to access her property, that third party is indispensable and, thus, must be joined in the action. I agree that Allbritton stands for that proposition. However, in Allbritton, this court noted that “‘[t]he absence of a necessary and indispensable party necessitates the. dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.’ J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850-51 (Ala.1981).” Í9 So.3d at 244. Accordingly, we reversed the judgment in Allbritton and remanded the case to allow for the joinder of any indispensable parties. Thus, as we did in Allbritton, I would reverse the trial court’s judgment and remand the cause for further proceedings to allow the wife to join any indispensable parties necessary for her to. obtain an easement to access her property.
PITTMAN, J., concurs.
*739 APPENDIX
[[Image here]]