. THOMPSON, Presiding Judge. ■
Brandon Simmons and Hughes Beverage Company, Inc. (hereinafter referred to collectively as “Hughes”), appeal' from a judgment of the Etowah Circuit Court setting aside a previously entered judgment incorporating the parties’ settlement agreement in a personal-injury action; the judgment setting aside the previous judgment was entered after an oral motion was made by the attorney for Janet Walker (“the mother”) and her daughter, Jaden Walker (“the child”),' a minor. Because we resolve this case on procedural grounds, we do not set forth a full recitation of the facts of this case.
The record indicates the following. On October 1, 2009, the Walkers filed a complaint alleging claims of negligence and wantonness against Simmons and asserting a claim of vicarious liability against Hughes Beverage Company; those claims arose from a motor-vehicle accident that occurred on October 2, 2007. A trial date was set for May 5, 2014. On that date, the parties appeared before the court and announced that they had reached a settlement. The settlement terms were disclosed to the court and were , entered on the record. The terms of the settlement provided that Hughes would pay the Walkers $37,500 and that the Walkers reserved the right to pursue a legal-malpractice claim against-their former counsel.
On May 6, 2014, Hughes mailed a proposed judgment incorporating the terms of the settlement to the Walkers. After fail *245 ing to receive a response from the Walkers, Hughes again mailed settlement documents to the Walkers on May 29, 2014. When Hughes still had not received a response from the Walkers, Hughes filed a motion in the trial court on June 5, 2014, seeking to enforce the settlement. The trial court filed an order giving the Walkers 10 days to respond to Hughes’s motion. The Walkers failed to comply with or respond to the order within 10 days.
Gn June 26, 2014, the trial court set a status' conference for September 8, 2014. The Walkers and their attorney failed to appear at the conference. As Simmons, representatives of Hughes Beverage Company, and their attorney were leaving the courthouse, the Walkers appeared with their attorney, and the court held a second status conference in their presence. At the second status conference, the trial court directed the Walkers to communicate with Hughes regarding the settlement documents and to cooperate in finalizing the documents. The trial court also requested that the parties submit a signed release and a proposed judgment incorporating the terms of the settlement.
On September 12, 2014, Hughes provided revised settlement documents to the Walkers and requested that the Walkers provide Hughes with input as to the documents within seven days. After failing to receive any input within that time, Hughes submitted an unsigned release and a proposed judgment for the trial court’s consideration on September 26, 2014. The Walkers did not file an objection or response to the revised settlement documents, including the release and the proposed judgment sent to the court. On October 22, 2014, the trial court issued a final judgment approving the settlement after finding that the parties hád reached an agreement to settle the case. The .trial court incorporated the settlement and release in- its final judgment and also ordered the Walkers to sign the release within 14 days. The Walkers failed to sign the release within the 14 days as ordered. On November 10, 2014, Hughes filed a motion asserting that the Walkers had failed to comply with the trial court’s October 22, 2014, judgment and sought a dismissal of the action or sanctions.
On December 9, 2014, the trial court held a hearing on Hughes’s motion. During the hearing, the Walkers made an oral motion to set aside the judgment incorporating the settlement agreement on the ground that the settlement had been conditioned on the Walkers’ reserving the right to pursue a legal-malpractice claim against their former counsel, and the Walkers alleged that their entering into a settlement agreement in the present case would adversely affect the standard of proof they would be required to meet in a malpractice action.
On December 1Í, 2014, the trial court entered a judgment setting aside the judgment incorporating the settlement agreement. Hughes subsequently filed a Rule 69, Ala. R. Civ. P., motion to alter, amend, or vacate the judgment. A hearing was held on that motion on March 18, 2015, and the motion was denied by the trial court on March 19, 2015. On April 20, 2015, Hughes filed a timely notice of appeal.
On appeal, Hughes argues that the trial court erred in setting aside the October 22, 2014, judgment incorporating the settlement agreement. The record shows that the Walkers did not indicate whether they intended for their,oral postjudgment motion to be a Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the judgment or a Rule 60(b), Ala. R. Civ. P., motion to set aside the judgment. Hughes first argues, that if the oral motion made by the Walkers at the hearing on Decern- *246 ber 9, 2014, was a Rule 60(b) motion, it failed to allege and prove a specific ground for relief under that rule. A motion under Rule 60(b) “ ‘ “must both allege and prove one of the grounds set”’” forth in that rule. Bates v. Stewart, 99 So.3d 837, 849 (Ala.2012) (quoting Ex parte Wallace, Jordan, Ratliff & Brandt, L.L.C., 29 So.3d 176, 177 (Ala.2009), quoting in turn Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995)). Upon motion under Rule 60(b), a court
“may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
A review of the record indicates that, in making their oral postjudgment motion at the December 9, 2014, hearing, the Walkers did not allege any of the six grounds for relief found in Rule 60(b). Instead, they argued that the settlement had been conditioned on the Walkers’ reserving the right to pursue a legal-malpractice claim against their former counsel and that they “did not want any action or any decision in this case to adversely affect [the] standard of proof that [they] must meet in the malpractice suit.” As this court has previously stated, relief under Rule 60(b) is an extreme remedy that is to be granted only in extraordinary circumstances. This case does not involve extraordinary circumstances. For example, the Walkers do not allege that they weré fraudulently induced or coerced to agree to the settlement or that the settlement was the result of their excusable neglect.[1] Accordingly, assuming that the trial court construed the Walkers’ oral motion at the December 9, 2014, hearing as a Rule 60(b) motion, which we determine it was not, we conclude that, based on the substance of the motion, the trial court would have abused its discretion in granting such a motion.
However, a motion that fails to allege and prove applicable grounds for relief under Rule 60(b) can be treated as a Rule 59(e) motion. Cornelius v. Green, 477 So.2d 1363, 1364-65 (Ala.1985). This court has previously stated that “‘[t]he substance of a motion and not its style determines what kind of motion it is.’” Davis v. Davis, 767 So.2d 354, 355 (Ala.Civ.App.2000) (quoting Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997)).
Rule 59(e) requires a motion to alter, amend, or vacate a judgment to be filed within 30 days following entry of the judgment. Although the Walkers did not allege that their motion was a Rule 59 motion, the substance of their motion shows that it was a motion to set aside the trial *247 court’s prior judgment incorporating- the settlement agreement. As Hughes points out, however, the Walkers did not make the oral motion to set aside the judgment incorporating the settlement agreement until the hearing held on December 9, 2014, 48 days after the trial court had entered its final judgment. Because Rule 59(e) states that a motion to alter, amend, or vacate must be made within 30 days after the judgment is entered, the Walkers’ time to file a Rule 59 motion expired on November 21, 2014. Therefore, the Walkers’ December 9, 2014, oral motion was untimely as a Rule 59 motion, and the trial court lacked jurisdiction to act on the untimely motion.
Because the Walkers failed to- adequately allege and prove any of the Rule 60(b) grounds for relief, their motion could not be construed as a Rule 60(b) motion; to the extent it might have construed the motion as a Rule 60(b) motion, the trial court exceeded its -discretion in setting aside its judgment that -incorporated the parties’ settlement agreement. Furthermore, the Walkers’ motion, which we com strue as a Rule 59(e) motion, was untimely because it was made more than 30 days after the. trial court’s judgment was entered. Thus, the trial court did not have jurisdiction to grant the motion under Rule 59(e), and the judgment purporting to set aside the October 22, 2014, judgment .is void. A void judgment will not support an appeal. King v. King, 193 So.3d 733, 734 (Ala.Civ.App.2015).
Accordingly, this appeal is dismissed with instructions to the trial court for it to vacate the December 11, 2014, judgmént and to reinstate the October 22, 2014, judgment.
Hughes’s motion to strike the Walkers’ brief on appeal is denied.
APPEAL DISMISSED WITH - INSTRUCTIONS.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. To the extent that the Walkers’ arguments can be construed as assertions of mistakes of law, i.e., that they did not realize they would be legally required to repay money previously provided by Medicare or that the settlement could adversely affect a subsequent lawsuit alleging legal malpractice, we nóte that mistakes of law cannot be the basis of a Rule 60(b) motion. Dow-United Techns. Composite Prods., Inc. v. Webster, 701 So.2d 22, 25 (Ala.1997).