THOMAS, Judge.
Isaac Bradley and Jeffrey Bradley appeal a judgment of the Conecuh Circuit Court ("the trial court") in favor of Shannon Scott and Joanne Scott.
Background
On November 25, 2013, the Bradleys filed a complaint against the Scotts in the trial court. In their complaint, the Bradleys alleged that they owned a certain parcel of real property ("the Bradley parcel"), that Cedar Creek Land & Timber, Inc. ("Cedar Creek"), owned an adjacent parcel of real property ("the Cedar Creek parcel"), and that the Scotts owned a nearby parcel of property ("the Scott parcel"), across which the Bradleys, their predecessors in interest, and representatives of Cedar Creek had allegedly traveled "in excess of 30 years for access to their properties." In their complaint, the Bradleys further alleged that the Scotts had "wrongfully placed a locked gate blocking" an "open [and] defined roadway" that had allegedly been used to travel across the Scott parcel by the Bradleys, their predecessors in interest, representatives of Cedar Creek, and the public.
The Bradleys requested declaratory and injunctive relief, specifically asking that the trial court, among other things, "[e]nter an [o]rder which declares that the open, defined roadway that crosses [the Scott parcel] is a public roadway by prescription or[,] in the alternative[,] that the [Bradleys] have an easement by agreement, by prescription, by implication, by necessity[,] and/or by adverse possession." The Scotts answered the Bradleys' complaint, generally denying their allegations. Neither Conecuh County ("the county") nor Cedar Creek were ever made parties to the action.
In December 2015, the trial court conducted an ore tenus trial at which it received testimony from, among other witnesses, Keith Johnson, a Cedar Creek "reading manager" whose duties included management of the Cedar Creek parcel. Another Cedar Creek employee, Luke Mitchell, also testified; he stated that he was not responsible for managing the Cedar Creek parcel, but, he said, he had hunted on the Cedar Creek parcel under a lease. The evidence presented at trial established that the Cedar Creek parcel is situated between the Bradley parcel and the Scott parcel and that traveling to the Bradley parcel from the Scott parcel via the access road at issue requires crossing over the Cedar Creek parcel.
At the close of the Bradleys' case-in-chief, the Scotts moved for a judgment as a matter of law regarding the Bradleys' claim that an easement had been established by adverse possession, which the trial court granted. At the close of all the evidence, the trial court heard closing statements from the parties' attorneys, who had the following exchange:
"[The Scotts' attorney]: You also have in question here the fact that, you know, even if [the Bradleys] got access to come across [the Scott parcel,] what if one day Cedar Creek said no, you ain't coming across ours? What are you gonna do then?
"[The Bradleys' attorney]: Same case. Same facts.
*64 "[The Scotts' attorney]: It very well may be, but it may require another court action. And so we submit that it just isn't-They just haven't proved their case is our position, Judge.
"[The trial court]: All right. I'll take it under advisement."
On October 4, 2016, the trial court entered a judgment, which provides, in relevant part:
"[The Bradleys] and [the Scotts] are owners of [p]roperty in Conecuh County, Alabama[,] which are in the same area [as] each other but do not share a common border. They are separated by [the] Cedar Creek [parcel.]
"[The Bradleys] are claiming an easement across the [Scott parcel] by means of original unity of ownership, by [the Bradleys'] open, visible and continuous travel across the [Scott parcel] for a number of years[,] and that access through [the Scott parcel] was reasonably necessary and indispensable.
"... [T]he original access was not a road across the [Scott parcel] but [was instead] a walking trail[.]
"... [T]he road was actually made in the last few years by Cedar Creek to access timber being cut on the [Cedar Creek parcel] and ... the access was strictly used for timber access and also did not extend through the [Cedar Creek parcel] and actually reach the [Bradley parcel]. The road ended in the middle of [the Cedar Creek parcel] and no road was cleared to [the Bradleys'] property line by Cedar Creek.
"... [T]here is at least one other avenue of access for [the Bradleys] to use in accessing [the Bradley parcel]. Said access is a longer travel but is fully a[cc]ess[i]ble. It is therefore ORDERED and ADJUDGED that the [Bradleys'] complaint for easement and right of way is hereby DENIED[,] and the Court finds in favor of the [Scotts]."
On October 28, 2016, the Bradleys filed a timely notice of appeal to the Alabama Supreme Court. The appeal was transferred to this court by the supreme court pursuant to § 12-2-7(6), Ala. Code 1975. On appeal, the Bradleys argue that the trial court's judgment should be reversed because, they say, the evidence presented at trial demonstrated that either an easement by implication or an easement by necessity had been established. We reverse the trial court's judgment and remand this cause for additional proceedings.
Analysis
"The absence of an indispensable party is a jurisdictional defect that renders the proceeding void. See Gilbert v. Nicholson, 845 So.2d 785, 790 (Ala. 2002). Although no party to this appeal has raised the issue of indispensable parties, the absence of an indispensable party can be raised for the first time on appeal by the appellate court ex mero motu, even if the parties failed to present the issue to the trial court. Id.
"Our supreme court has stated:
" 'Rule 19, Ala. R. Civ. P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy. Where the parties before the court adequately represent the absent parties' interests and the absent parties could easily intervene should they fear inadequate representation, no reason exists why the trial court could not grant meaningful relief to the parties before the court. Also, joinder of absent parties is not absolutely necessary where determination of the controversy will not result in a loss to the absent parties'
*65 interest or where the action does not seek a judgment against them. ...
" '[The supreme court] has also held, however, that in cases where the final judgment will affect ownership of an interest in real property, all parties claiming an interest in the real property must be joined.'
" Byrd Cos. v. Smith, 591 So.2d 844, 846 (Ala. 1991) (citations omitted). See also Johnston v. White-Spunner, 342 So.2d 754 (Ala. 1977) (when a trial court is asked to determine property rights of property owners not before the court, the absent property owners are indispensable parties and any judgment entered in the absence of those parties is void)."
Allbritton v. Dawkins, 19 So.3d 241, 243-44 (Ala. Civ. App. 2009).
In Allbritton, Mark Allbritton and Kristie Allbritton sought a judgment declaring that a dirt road called "Allbritton Lane" that ran across property owned by the defendant, Robert Dawkins, Jr., was a public road or, alternatively, that an easement by prescription or by necessity existed in favor of the property on which they lived. Id. at 242. On appeal, we noted that the Allbrittons had no legal interest in any of the property at issue and that they were living with Mark's mother at the time the action was commenced. Id. at 243.
Additionally, we noted that
"other evidence established that, although Dawkins owns a portion of the property over which Allbritton Lane runs, he does not own the entire length of Allbritton Lane. Carl Allbritton, a third party who was not joined in this action, also owns a portion of the property over which Allbritton Lane runs. In traveling along Allbritton Lane in order to access the property owned by Mark's mother, the Allbrittons must pass across Carl Allbritton's property; moreover, to access his property, Dawkins also must pass across Carl Allbritton's property. However, Carl Allbritton was not made a party to the action; the Allbrittons named only Dawkins as a defendant."
Id. In applying the principles summarized above, we concluded that
"the Allbrittons requested that the trial court determine whether Allbritton Lane is a public or private road or, alternatively, to determine whether easements existed in favor of the property on which the Allbrittons live. Because any determination of those issues could impact the ownership interests in real property of Carl Allbritton, Mark's mother, and any other person owning an interest in property over which Allbritton Lane runs, those absent property owners are indispensable parties to this action. Byrd Cos. [v. Smith ], [591 So.2d 844 (Ala. 1991) ] ; and Johnston [v. White-Spunner ], [342 So.2d 754 (Ala. 1977) ]. The absence of the other affected property owners renders the trial court's judgment on those issues void."
Id. at 244. See also King v. King, 193 So.3d 733, 737 (Ala. Civ. App. 2015) (applying the principles articulated in Allbritton in a factually similar appeal and noting that " '[n]o way of necessity can be presumed or acquired over the land of a stranger' " (quoting Hamby v. Stepleton, 221 Ala. 536, 538, 130 So. 76, 77 (1930) )).
As in Allbritton, the evidence presented in this case established that the access road at issue runs across property owned by an entity that has not been made a party to this action, namely, Cedar Creek. The Bradley parcel and the Scott parcel do not share a common border; the Cedar Creek parcel separates them. Therefore, to access the Bradley parcel from the Scott parcel via the road at issue, the Bradleys must pass over the Cedar *66 Creek parcel. Because any determination of the issue whether an access easement in favor of the Bradley parcel exists could impact Cedar Creek's interest in the Cedar Creek parcel, Cedar Creek is an indispensable party, and its absence from the action renders the trial court's judgment void. Furthermore, although Johnson and Mitchell, two Cedar Creek employees, testified at trial, that fact "does not negate the requirement that [Cedar Creek] be joined as a party to the action." Allbritton, 19 So.3d at 244 (citing Boles v. Autery, 554 So.2d 959, 961 (Ala. 1989) ("That a witness is present in court and testifies in the proceedings does not necessarily mean that the witness should not be joined as a party.")).
Additionally, it is unclear from the record whether the Bradleys have intentionally abandoned their alternative claim that the access road at issue is a public road; however, to the extent that they so allege, we note that "the county is an indispensable party to an action seeking to determine whether a road is public or private." Allbritton, 19 So.3d at 244 (citing Boles, 554 So.2d at 962, and § 23-1-80, Ala. Code 1975)("The county commissions of the several counties of this state have general superintendence of the public roads ... within their respective counties ...."). As already mentioned, the county was not joined as a party to this action; therefore, the trial court's judgment is void to the extent that it determined whether the access road at issue is a public road.
" 'The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.' J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850-51 (Ala. 1981). See also Brewton v. Baker, 989 So.2d 1137, 1140 (Ala. Civ. App. 2008) (quoting and relying on J.C. Jacobs Banking Co., supra )."
Allbritton, 19 So.3d at 244. As in Allbritton, we reverse the judgment of the trial court and remand this cause to allow the joinder of all necessary and indispensable parties and for further proceedings consistent with this opinion. Id.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.