THOMPSON, Presiding Judge.
In this ejectment action, Thomas Chandler ("Thomas") and Rebecca E. Chandler ("Rebecca") appeal from a summary judgment of the Shelby Circuit Court ("the trial court") in favor of Branch Banking & Trust Company ("BB & T"). The judgment awards BB & T immediate possession of certain property.
The record contains the following evidence relevant to this appeal. Thomas was not married when, in October 2011, he obtained a mortgage on what appears to be residential property in Shelby County ("the property"). That mortgage was assigned to BB & T on April 1, 2013. At some point after October 2011 but before September 20, 2013, Thomas and Rebecca married. On September 20, 2013, Thomas executed a deed granting Rebecca joint interest in the property with the right of survivorship ("the September 2013 deed"). The September 2013 deed was recorded in the Shelby Probate Court on October 1, 2013.
Thomas subsequently defaulted on the mortgage, and the property was purchased by BB & T at a foreclosure sale on December 23, 2014. On December 29, 2014, BB & T sent a letter to Thomas demanding possession of the property and giving Thomas 10 days to vacate it. When Thomas failed to act, BB & T filed a complaint for ejectment against him on January 9, 2015.[1] Rebecca was not named in the action. On June 19, 2017, Rebecca filed a motion in the trial court seeking to intervene in the action. In support of her motion, Rebecca attached the September 2013 deed conveying to her an interest in the property and asserting that she had received no notice of the previous proceedings in the trial court. The trial court denied Rebecca's motion to intervene on July 4, 2017.
A summary judgment against Thomas was entered on July 26, 2017. On August 17, 2017, the clerk of the trial court issued a writ of possession in favor of BB & T. On September 5, 2017, both Thomas and Rebecca appealed the July 26, 2017, judgment to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The issue of whether the trial court erred in denying Rebecca's motion to intervene is raised on appeal. In its appellate brief, BB & T argues that the appeal from the July 4, 2017, order, which BB & T characterizes as denying permissive intervention, is untimely in this case. The *533 parties did not discuss whether Rebecca was an indispensable party, however. Therefore, we requested that the parties submit letter briefs on that issue. The parties timely complied with our request.
"The absence of an indispensable party is a jurisdictional defect that renders the proceeding void. See Gilbert v. Nicholson, 845 So.2d 785, 790 (Ala. 2002). Although no party to this appeal has raised the issue of indispensable parties, the absence of an indispensable party can be raised for the first time on appeal by the appellate court ex mero motu, even if the parties failed to present the issue to the trial court. Id."
Allbritton v. Dawkins, 19 So.3d 241, 243 (Ala. Civ. App. 2009). In Allbritton, this court pointed out:
" '[The supreme court] has also held ... that in cases where the final judgment will affect ownership of an interest in real property, all parties claiming an interest in the real property must be joined.'
" Byrd Cos. v. Smith, 591 So.2d 844, 846 (Ala. 1991) (citations omitted). See also Johnston v. White-Spunner, 342 So.2d 754 (Ala. 1977) (when a trial court is asked to determine property rights of property owners not before the court, the absent property owners are indispensable parties and any judgment entered in the absence of those parties is void)."
19 So.3d at 244.
Since Allbritton was published, our supreme court has "definitively stated that the failure to join an indispensable party does not affect the subject-matter jurisdiction of a court." Miller v. City of Birmingham, 235 So. 3d 220, 229 (Ala. 2017) (citing Campbell v. Taylor, 159 So.3d 4, 9 (Ala. 2014) ). Nonetheless, the Miller court went on to quote commentators Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, § 1611 (3d ed 2001), as follows:
"Because an objection to the failure to join a person who should be regarded as indispensable under Rule 19(b) [Fed. R. Civ. P.,] may be raised as late as on appeal from a final judgment or by the court on its own motion, the impression is created that a failure to join is jurisdictional, since ordinarily only jurisdictional defects are treated in this fashion. Thus, it is not surprising that cases can be found that speak of nonjoinder as ousting the court of jurisdiction. Since the indispensable-party doctrine is equitable both in its origin and nature, however, scholarly commentary as well as the vast majority of courts reject this 'jurisdictional' characterization."
(Footnotes omitted.) This court raised the issue of whether Rebecca was an indispensable party on its own motion out of equitable concerns, as discussed below. However, we acknowledge that the trial court retained subject-matter jurisdiction over this action.
BB & T argues that Rebecca is not an indispensable party because, it says, her interest in the property is identical to Thomas's interest, and, therefore, BB & T asserts, her interest is adequately protected by Thomas. In support of its argument, BB & T cites Rule 24(a)(2), Ala. R. Civ. P., which provides that, upon timely application, anyone shall be permitted to intervene in an action
"when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
*534 See also Rule 19, Ala. R. Civ. P., which provides for joinder of persons needed for just adjudication. Accordingly, BB & T contends, Rebecca is not an indispensable party.
From our reading of Allbritton and Rule 24(a)(2), we conclude that those authorities mandate the joinder or intervention of a property owner whose rights in certain property are being litigated. This is so even when a party already named in the action is protecting rights aligned with those of the nonparty property owner. Such joinder is not discretionary. Joinder of Rebecca as an indispensable party also promotes judicial economy. If Rebecca were not a party in this action, she would not be bound by a judgment entered against Thomas only. As our supreme court noted in Allbritton, which was partially quoted by BB & T in its letter brief,
" 'Rule 19, Ala. R. Civ. P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy. Where the parties before the court adequately represent the absent parties' interests and the absent parties could easily intervene should they fear inadequate representation, no reason exists why the trial court could not grant meaningful relief to the parties before the court.' "
19 So.3d at 243-44 (quoting Byrd Cos. v. Smith, 591 So.2d 844, 846 (Ala. 1991) ).[2] Because Rebecca has a joint-ownership interest in the property, it should have been an easy matter for her to intervene as she requested, regardless of whether she believed Thomas adequately represented her interest. Nonetheless, the trial court rejected her request to intervene.
It is undisputed that Rebecca is a joint owner of the property. Despite BB & T's argument to the contrary, we conclude that, as a joint owner, on the authority of Allbritton and Rules 19 and 24(a)(5), Ala. R. Civ. P., Rebecca was a necessary and indispensable party to this action. "The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment. Rogers v. Smith, 287 Ala. 118, 248 So.2d 713 (1971)." J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850-51 (Ala. 1981). Accordingly, we reverse the judgment of the trial court, and we remand the action to allow the joinder of Rebecca as a necessary and indispensable party and for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

The litigation of this matter was stayed for a period after Thomas filed a suggestion of bankruptcy in the trial court. See, e.g., Steeley v. Dunivant, 522 So.2d 299, 300 (Ala. Civ. App. 1988).

In quoting the above passage in its letter brief, BB & T omitted the emphasized language.